IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL WENCEWICZ,<br><br>Defendant. | MJ 13-37-M-JCL<br><br>ORDER |

On August 2, 2013, Defendant Paul Wencewicz appeared before the Court for a hearing on the issue of his release or detention pending his trial in this matter. On that date, the Court issued its Order Setting Conditions of Release thereby releasing Defendant from federal custody. Now, therefore, the Court issues this Order setting forth its written statement of reasons in support of Defendant's release.

The issue of either the release or detention of a defendant pending trial is governed by the Bail Reform Act at 18 U.S.C. § 3142. The Act generally mandates that a defendant be released under the least restrictive conditions that will reasonably assure his appearance in court, and alleviate the risk of danger he

1

poses to the community. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). It is only in rare circumstances that a defendant's release should be denied, and any doubts the court may have regarding the propriety of release should be resolved in the defendant's favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Thus, the Bail Reform Act permits the court to release a defendant subject to conditions, or a combination of conditions, imposed upon the defendant's release that "will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). In the alternative, the court has authority to detain a criminal defendant if it determines that no condition or combination of conditions will alleviate the risk of flight or the danger posed by the defendant if he were released. 18 U.S.C. § 3142(e).

Defendant Wencewicz stands charged with the offenses of conspiring to advertise child pornography in violation of 18 U.S.C. § 2251(d)(1)(A) and (e), and conspiring to receive and distribute child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). These charges are among those offenses enumerated in 18 U.S.C. § 3142(e)(3) which operate to create a presumption that no condition, or combination of conditions, of release will reasonably assure the appearance of the defendant at future proceedings and the safety of the community if the person is

released pending disposition of the charges against him. This presumption, however, is rebuttable.

Although the presumption imposes a burden of production on the defendant, the burden of persuasion with regard to both the risk of flight and dangerousness remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). A defendant need produce only some relevant evidence to satisfy his burden of production. *United States v. Jessup*, 757 F.2d 378, 381 (1st Cir. 1985). But even if the defendant satisfies his burden to rebut the presumption, the presumption is not erased and remains as an evidentiary finding weighing against the release of the defendant which is to be weighed and balanced against other evidence and the other factors relevant to determining whether the pretrial detention standard is met as set forth in 18 U.S.C. § 3142(g). *Hir*, 517 F.3d at 1086.

The Court finds Defendant Wencewicz presented sufficient evidence to rebut the presumption that he be detained. Thus, the Court will evaluate the evidence relative to the factors listed in section 3142(g).

To sustain its burden to persuade the Court that no conditions will reasonably ensure the safety of any other person or the community, the government must present clear and convincing evidence to that effect. 18 U.S.C. §

3142(f)(2). The standard of proof necessary to support a finding that no conditions will reasonably ensure the defendant's appearance, however, is the preponderance of the evidence standard. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).

The Court finds the United States did not present any evidence indicating the Defendant poses a risk of flight. Contrary to the United States' argument presented in reliance upon *United States v. Tierney*, 2010 WL 1929828 (C.D. Cal. 2010), the mandatory minimum sentences of incarceration to which Defendant is subject if he is convicted do not, by themselves, automatically suggest Defendant poses a risk of flight. In *Tierney*, the court noted that the defendant also had extensive contacts in, and had recently traveled to, Central America which supported a finding that the defendant was a risk of flight. 2010 WL 1929828 at *2. Here, although Defendant faces the possibility of lengthy sentences of incarceration if he is convicted, Defendant has ties to the community of Polson, Montana, having lived there from 1986 to 1987, and also for the past 6 years. These ties reduce the risk that he might flee, and the United States did not present evidence to the contrary. Defendant also has been employed for a period of time. Consequently, the United States has not satisfied its burden of persuasion with respect to Defendant's risk of flight.

The Bail Reform Act at 18 U.S.C. § 3142(g) provides that in considering whether there are conditions of release that could be imposed upon a defendant that would reasonably assure the defendant's appearance as required and the safety of any other person and the community, the court must consider evidence relevant to specific factors delineated in section 3142(g). Section 3142(g)(1) requires the court to consider the nature and circumstances of the offenses charged, including whether the offenses involve minors as alleged under the circumstances of this case. This factor weighs against Defendant Wencewicz's release in view of the child pornography charges filed against him — charges that give rise to the presumption that he be detained which remains a factor for the Court's consideration.

The court must also consider the weight of the evidence against a defendant under § 3142(g)(2). Although the evidence against Defendant in this case may be relatively strong, this factor is generally given little consideration on the issue of detention. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Next, in considering Defendant's history and characteristics as required under section 3142(g)(3), the Court finds Defendant has a relatively minor history of criminal charges involving only alcohol or drug offenses. There is no record of any violent offenses committed by Defendant, or of his direct physical

5

involvement with offenses regarding minor children.

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Having reviewed the Criminal Complaint in this case, the supporting affidavit, and having issued a warrant for Defendant's arrest, I have already found that probable cause exists to believe Defendant committed the child pornography offenses alleged in the Criminal Complaint filed against him. Further, in view of the mandatory minimum sentences of incarceration Congress imposed for convictions of the offenses charged in the Criminal Complaint, Congress has sufficiently declared that the offenses with which Defendant is charged represent a danger to the community.

Nonetheless, the United States did not present clear and convincing evidence demonstrating that this Defendant poses a danger to the community. Rather, the record reflects that for about a year and a half the United States has itself, in essence, deemed Defendant not to be of sufficient danger to the public to warrant charging him with these offenses earlier and taking him into custody sooner. In 2011, the United States investigated the online sexual exploitation of children with which Defendant is charged. In connection with that investigation, in March, 2012, the United States executed a search warrant at Defendant's

residence in Polson, Montana, and Defendant informed the United States at that time that he was involved in sharing images of child pornography online. But, significantly, the United States elected not to arrest Defendant, or to file criminal charges against Defendant at that time. The United States apparently did not perceive a sufficient threat to the safety of the community posed by Defendant's conduct to warrant his arrest at the time.

The United States represents that at the time of the search of Defendant's residence in March, 2012, Defendant agreed not to use computers, or to access the internet. The United States elected to accept the risk that Defendant may not comply with his agreement. However, the record reflects that after the search Defendant repaired a broken computer he had, accessed the internet, possibly maintained the child pornography bulletin board that is the subject of this criminal action, and may have alerted one or more individuals on the internet that he had been investigated regarding child pornography.

Now, despite the fact that the United States chose not to arrest Defendant in March, 2012, based on the information it possessed at that time, the United States seeks to convince this Court that Defendant is a danger to the community based on the same information the United States possessed in March, 2012. Other than the circumstances of Defendant's non-compliance subsequent to March, 2012, the

United States did not present any further evidence of any danger posed by Defendant at Defendant's August 2, 2013 detention hearing. There is otherwise no further evidence in the record now of Defendant's activities that is different from the circumstances that existed in March, 2012, that would support a finding of dangerousness that exists now that did not exist in March, 2012, when the United States chose not to arrest Defendant. Nonetheless, almost 18 months later, the United States seeks to convince the Court that Defendant poses a danger to the community based on the same circumstances that existed in March, 2012, when the United States apparently did not perceive him as a danger at that time.

Notwithstanding, even assuming Defendant does represent a danger to the community, it is not sufficient, by itself, to establish that a defendant poses a risk of danger. The United States' burden of persuasion further requires it to present clear and convincing evidence that no condition or combination of conditions will alleviate or protect against the dangerousness posed by a defendant's release from custody. 18 U.S.C. § 3142(f)(2). The United States did not present any affirmative evidence indicating that any combination of conditions would not alleviate the danger Defendant Wencewicz poses. Thus, the United States did not sustain its burden in this regard.

Significantly, during Defendant's detention hearing the Court afforded the

United States an opportunity to request additional conditions to be imposed upon Defendant's release. But the Assistant United States Attorney elected not to request further restrictive conditions such as, for example, house arrest.

The Court has determined that the August 2, 2013 Order Setting Conditions of Release imposes numerous restrictions and conditions upon Defendant which will reasonably assure the safety of the community while Defendant is released. It is significant to note that the conditions need only reasonably assure, rather than guarantee, the safety of the community. *United States v. Hir*, 517 F.3d 1081, 1092 n.9 (9th Cir. 2008). Several of the numerous conditions which will provide for the safety of the community are as follows:

1. The record reflects Defendant may have a problem with alcohol. Therefore, the Court has prohibited Defendant from using alcohol, and from possessing or using "a narcotic drug and other controlled substances defined in 21 U.S.C. § 802[.]"

2. The Court has also subjected Defendant to random testing, through multiple means, as directed by his supervising officer to determine whether he is using a prohibited substance. This random testing will reasonably assure Defendant is not using a controlled or prohibited substance that would pose a risk of danger to the community.

3. During Defendant's period of release he will be subject to a curfew restricting him to his residence every day from 7 p.m. to 5 a.m. Furthermore, Defendant will be subject to electronic location monitoring, such as radio frequency monitoring or global positioning satellite monitoring, as directed by his supervising officer. This location monitoring will assist in ensuring Defendant's compliance

with his conditions of release, and will reasonably assure the safety of the community.

4. Defendant's conditions of release prohibit him from accessing the internet, and from possessing or accessing computers, internet accessible devices, and media storage devices. This prohibition will reasonably assure Defendant will not communicate with others relative to his criminal prosecution in this case.

5. Finally, Defendant is obligated to submit his "person, residence, office, or vehicle" to random, suspicionless searches for contraband or evidence of a violation of any condition of his release. Defendant's failure to comply with the searches will subject him to revocation proceedings.

All of the foregoing conditions of release, together with all the other conditions imposed in the Order Setting Conditions of Release, will reasonably assure the safety of the community, and will reasonably alleviate the risk of danger Defendant may pose to the community. Consequently, the Court concludes Defendant is eligible for release under authority of 18 U.S.C. § 3142(c).

IT IS SO ORDERED.

DATED this 5th day of August, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge